**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIRATH SINGH, | No. 09-72055 |
| Petitioner, | Agency No. A098-528-306 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:      LEAVY, PAEZ and BEA, Circuit Judges.

Tirath Singh, native and citizen of India, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence. *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's finding that, even if Singh is credible and was persecuted on account of a protected ground, the government rebutted the presumption of a well-founded fear of future persecution by establishing changed circumstances in India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A) and (ii); *see also Gonzalez-Hernandez*, 336 F.3d at 998-1001. The agency rationally construed evidence in the record and provided a sufficiently individualized analysis of Singh's future fear. *See id.* at 1000. We reject Singh's contentions that the BIA failed to consider all relevant evidence. *See Larita-Martinez v. INS,* 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that the agency has considered all the evidence). Accordingly, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Gonzalez-Hernandez*, 336 F.3d at 1001, n.5.

Finally, substantial evidence supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he will be tortured in

09-72055

India.  *See Sowe v. Mukasey*, 538 F.3d 1281, 1288-89 (9th Cir. 2008) (evidence of changed country conditions in Sierra Leone defeated CAT claim).

**PETITION FOR REVIEW DENIED.**