FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAJ SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-70913

Agency No. A097-108-196

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ and BEA, Circuit Judges.

Raj Singh, a native and citizen of India, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence.  *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's finding that, even if petitioner credibly demonstrated past persecution on account of a statutorily protected ground, the government established by a preponderance of the evidence that petitioner could reasonably relocate within India, including the Punjab, to avoid harm.  *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003).  Accordingly, Singh's asylum claim fails.  *Id.*

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of Singh's CAT claim because he failed to establish it is more likely than not he will be tortured if returned to India.  *See Zheng v. Holder,* 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**