**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WANHE CAI, | No. 09-72455 |
| Petitioner, | Agency No. A098-465-057 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012**

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Wanhe Cai, native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Perez-Ramirez v. Holder,* 648 F.3d 953, 956 (9th Cir. 2011).  We grant in part and deny in part the petition for review, and remand.

Cai contends that his whistle blowing activities resulted in his persecution. With respect to Cai's first arrest and mistreatment, substantial evidence supports the BIA's finding that Cai failed to establish a nexus to a protected ground.  *See Dinu v. Ashcroft*, 372 F.3d 1041, 1043-44 (9th Cir. 2004) (legitimate prosecutorial purpose existed for police's "heavy-handed" investigation).  However, in determining Cai's mistreatment was the result of a personal and economic dispute over property, the BIA did not address the second arrest and detention, in which police beat Cai for reporting their earlier mistreatment.  *See Antonyan v. Holder*, 642 F.3d 1250, 1255 (9th Cir. 2011) ("[t]hat [petitioner's] initial reports stemmed from a personal dispute does not render [his] later acts any less political") (citation and internal quotations omitted); *see also Perez-Ramirez,* 648 F.3d at 956 ("Retaliation for exposing corruption by government officials is by its very nature a political act.") (internal citations and quotations omitted).  The BIA did not reach any other issues.  Accordingly, we grant the petition with respect to Cai's asylum and withholding of removal claims, and we remand for further proceedings

consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Finally, with respect to CAT relief, Cai has failed to establish it is more likely than not he faces torture if removed to China.  *See, Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) ("To receive relief under CAT, Petitioner has the burden of showing that he is more likely than not to be tortured in the country of removal.") (citation and internal quotation omitted).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**