**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRI NABABAN; HARLENA ROSE SILALAHI, | No. 10-71734 |
| Petitioners, | Agency Nos.  A078-020-176<br>A096-349-826 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Henri Nababan and Harlena Rose Silalahi, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their applications for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Nababan established changed circumstances to excuse the delay in filing his asylum application. *See* 8 C.F.R. 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). Accordingly, Nababan's asylum claim fails.

Substantial evidence supports the BIA's conclusion that petitioners did not establish their experiences in Indonesia rose to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (being beaten, robbed of sandals and pocket money, and accosted by a mob did not compel a finding of past persecution). Substantial evidence also supports the BIA's conclusion that even under a disfavored group analysis, petitioners have not demonstrated sufficient individualized risk of persecution to establish eligibility for asylum or withholding of removal. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *see also Wakkary*, 558 F.3d at 1066. Further, the record does not compel the conclusion that petitioners have established eligibility for relief due to their United States citizen children and affiliation with the western world. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th

Cir. 2003) (possibility of future persecution too speculative).  Accordingly, their

asylum and withholding of removal claims fail.

Finally, substantial evidence supports the BIA's finding that petitioners did

not establish it is more likely than not they will be tortured if they return to

Indonesia.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

Accordingly, their CAT claim fails.

**PETITION FOR REVIEW DENIED.**