**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHUSHIL NEUPANE, | No. 10-72613 |
| Petitioner, | Agency No. A099-359-249 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012**

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Shushil Neupane, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that Neupane failed to establish that he was or will be targeted by Maoists on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) (even if the petitioner holds a political opinion, he still must establish targeting because of that political opinion); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). In the absence of a nexus to a protected ground, Neupane's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Finally, substantial evidence supports the agency's denial of CAT relief because Neupane failed to show it is more likely than not he will be tortured if returned to Nepal. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claim of possible torture speculative).

**PETITION FOR REVIEW DENIED.**