**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARWIN ERNESTO NAVARRO, | No. 11-72426 |
| Petitioner, | Agency No. A094-160-181 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Marwin Ernesto Navarro, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Nicaraguan Adjustment and Central American Relief Act

("NACARA"). We have jurisdiction under 8 U.S.C. § 1252. We review for

substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85

(9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Navarro's

experiences, including one beating by national guard soldiers and one detention

with no physical harm, do not rise to the level of persecution. *See Hoxha v.*

*Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one

beating did not compel finding of past persecution). Substantial evidence also

supports the conclusion that even if Navarro suffered past persecution, the

government rebutted the presumption of a well-founded fear of future persecution

based on the 1992 peace accords in El Salvador. *See Gonzalez-Hernandez v.*

*Ashcroft*, 336 F.3d 995, 998-99 (9th Cir. 2003) (government successfully rebutted

presumption of well-founded fear based on 1996 peace accords ending the

Guatemalan civil war). Further, contrary to Navarro's contention, the record does

not compel the conclusion that Navarro established an independent well-founded

fear of future persecution based on his fear of gang violence and crime in El

Salvador. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's

desire to be free from harassment by criminals motivated by theft or random

violence by gang members bears no nexus to a protected ground."); *see also*

*Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) ("The abduction of

two geographically distant brothers by unknown gunmen for unknown reasons

does not establish a well-founded fear."). Accordingly, Navarro's asylum claim

fails.

Because Navarro failed to meet the lower burden of proof for asylum, it

follows that he has not met the higher standard for withholding of removal. *See*

*Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's finding that Navarro failed to

establish it is more likely than not he will be tortured if he returns to El Salvador.

*See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011). Accordingly,

Navarro's CAT claim fails.

Finally, as noted by the agency, Navarro conceded that his 2009 conviction

for possession of methamphetamine rendered him ineligible for relief under

NACARA. Navarro does not make any argument that he is eligible for NACARA

relief.

**PETITION FOR REVIEW DENIED.**