**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS MARTIN REYES, | No. 11-73411 |
| Petitioner, | Agency No. A070-640-982 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Jose Luis Martin Reyes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations in immigration proceedings, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny the petition for review.

Reyes testified that in Guatemala unknown individuals assaulted him during a university protest and his mother received threats, and Reyes also testified he fears the Guatemalan government may target him if he returns.  Substantial evidence supports the agency's determination that Reyes failed to meet his burden of proof for asylum or withholding of removal.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-83 (1992) (applicant must provide some evidence, direct or circumstantial, that the persecutor was or would be motivated by a protected ground).

Substantial evidence also supports the agency's denial of Reyes's CAT claim because he failed to establish it is more likely than not that he would be tortured if returned to Guatemala.  *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

Finally, we reject Reyes's contention related to streamlining and his contention that the BIA failed to provide a reasoned explanation for its decision.

*See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**