**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRUZ LEMUS,<br><br>               Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 11-71111<br><br>Agency No. A070-936-657<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:      McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Cruz Lemus, a native and citizen of Guatemala, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's determination that Lemus's experiences regarding his reenlistment in the military do not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination, harassment, and physical encounters without any significant physical violence did not compel finding of past persecution). We reject Lemus's contentions that the agency inadequately or improperly considered his past persecution claim. Substantial evidence also supports the BIA's determination that Lemus failed to demonstrate a well-founded fear of future persecution on account of a protected ground. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution too speculative). Thus, Lemus's asylum claim fails.

Because Lemus failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Further, substantial evidence supports the BIA's determination that Lemus failed to establish it is more likely than not he would be tortured if returned to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

Finally, we reject Lemus's contention that the IJ's discussion of changed circumstances deprived him of a fair hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**