**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALINA MAGANDA VALVERDE, | No. 09-73126 |
| Petitioner, | Agency No. A095-195-560 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Alina Maganda Valverde, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Maganda Valverde does not claim she suffered past persecution in Mexico, but fears future persecution by her father based on his past abuse and threats to the family. Substantial evidence supports the agency's finding that Maganda Valverde did not establish a well-founded fear of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010). We reject Maganda Valverde's contention that the BIA's analysis ignored evidence or mischaracterized her claim. Accordingly, Maganda Valverde's asylum claim fails.

Because Maganda Valverde did not meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of CAT relief because Maganda Valverde failed to establish it is more likely than not she would be tortured if removed to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**