# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

XIAO FEI ZHENG, aka Eddie Zheng,
Eddy Zheng,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 06-75258

Agency No.
A038-049-471

---

XIAO FEI ZHENG, aka Eddie Zheng,
Eddy Zheng,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR.,* Attorney
General,
                    *Respondent.*

No. 08-71663

Agency No.
A038-049-471

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
San Francisco, California—December 9, 2010

Filed May 6, 2011

---

\* Eric H. Holder Jr. is substituted for his predecessor Michael B.
Mukasey as Attorney General of the United States. *See* Fed. R. App. P.
43(c)(2).

Before: Mary M. Schroeder, Sidney R. Thomas, and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Schroeder

## COUNSEL

Zachary Nightingale, San Francisco, California, for petitioner Xiao Fei Zheng.

Sarah Maloney, Department of Justice, Washington, D.C., for respondent Eric H. Holder Jr., Attorney General.

## OPINION

SCHROEDER, Circuit Judge:

Petitioner Xiao Fei "Eddy" Zheng, a native and citizen of China, petitions for review of two final orders of the Board of Immigration Appeals (BIA). In the first, the BIA denied Petitioner relief under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), and denied Petitioner protection under the Convention Against Torture (CAT). In the second, the BIA denied Petitioner's motion to reopen his CAT claim based on alleged changed country conditions, and refused to sua sponte reopen Petitioner's application for § 212(c) relief to consider Petitioner's newly acquired equities. We grant the petition for review with respect to the denial of § 212(c) relief and therefore do not reach the BIA's denial of a sua sponte reopening of Petitioner's § 212(c) proceedings. We deny relief on the CAT claims.

This case is unusual in that the Petitioner was convicted at the age of sixteen of very serious crimes, served nineteen years in prison followed by immigration detention, yet demonstrated, beyond his own rehabilitation, a genuine desire and commitment to prevent youth from following in his criminal footsteps. Petitioner performed substantial service to the community, through his youth work, leading to a grant of parole by the California Board of Prison Terms, and he continued such work while in immigration proceedings.

The dispositive issue in this case is whether the BIA should have considered Petitioner's value and service to the community in assessing all of the relevant concerns bearing on his eligibility for § 212(c) relief. This court has consistently emphasized that in considering eligibility for § 212(c) relief, the BIA must consider all relevant circumstances, and the BIA itself has recognized that such circumstances include value and service to the community. Because the BIA in this case did not indicate that it had considered Petitioner's value

and service to the community, we grant the petition for review with respect to Petitioner's application for § 212(c) relief and remand for consideration of all relevant factors.

## I.  Factual Background

Petitioner was admitted to the United States as a lawful permanent resident in November of 1982. He is married to a United States citizen. His mother, father, sister, and brother are also United States citizens.

In 1986, at the age of sixteen, Petitioner was convicted pursuant to a California plea agreement of criminal offenses involving kidnaping, robbery, and a firearm violation. He was sentenced as an adult and was incarcerated for 19 years. While incarcerated, among many other activities, Petitioner learned English, obtained his GED, earned an Associate of Arts Degree in Liberal Arts, co-facilitated a course entitled "Alternatives to Violence," developed a curriculum targeting at-risk immigrant teenagers, currently being used by community service providers in Northern California, and developed a business plan for a non-profit agency.

Petitioner applied for parole from prison on the basis of his extraordinary rehabilitation and positive equities. He supported his application with a letter of family support if he were removed to China. Petitioner was released from prison on parole in 2005 and was placed in removal proceedings immediately thereafter.

Since his release from prison and subsequent immigration detention, Petitioner has continued to engage in violence-prevention work in the immigrant and youth communities of Northern California working as Case Manager and later as Project Coordinator for the Community Response Network — Asian Pacific Islanders. Given Petitioner's efforts to prevent other young people from engaging in criminal activity, Petitioner won the support of community leaders, politicians, and

members of the law enforcement community who wrote letters of support to the immigration court on Petitioner's behalf.

## II.  Procedural History

Petitioner was placed in immigration detention following his release from prison and charged with removability for having been convicted of an aggravated felony crime of violence, an aggravated felony theft offense, and a firearms offense. The Immigration Judge (IJ) found Petitioner removable on all three grounds. The IJ then concluded that Petitioner's case did not present exceptional circumstances and denied Petitioner's application for § 212(c) relief and adjustment of status. The IJ also denied relief under CAT on the ground that Petitioner's claims were speculative or insubstantial. The IJ reasoned that because of the financial and social support Petitioner could expect from his relatives, if removed to China, Petitioner lacked the vulnerable circumstances he claimed would make him a likely torture victim.

Petitioner appealed to the BIA, which found him "deportable as charged" and dismissed his appeal. Citing *In re Marin*, 16 I. & N. Dec. 581 (BIA 1978), *abrogated on other grounds by In re Edwards*, 20 I. & N. Dec. 191 (BIA 1990), the BIA noted Petitioner's rehabilitation but concluded that Petitioner had not "identified unusual or outstanding equities sufficient to overcome his serious criminal conviction" to obtain § 212(c) relief. The BIA did not mention Petitioner's service work for youth in the community. The BIA also found "no reversible error" in the IJ's denial of CAT relief and held that the IJ's finding regarding the expected support from Petitioner's family, if Petitioner were removed to China, "was not clearly erroneous." Petitioner timely filed a petition for review, No. 06-75258, of the BIA's order dismissing his appeal.

Petitioner then filed a motion to reopen with the BIA alleging changed country conditions and newly acquired equities.

The BIA denied the motion finding the changed country conditions immaterial to Petitioner's case and concluding that the newly acquired equities did not constitute exceptional circumstances warranting reopening. Petitioner filed a timely petition for review, No. 08-71663, of the BIA's order denying his motion to reopen. We consolidated the two petitions for review. *See* 8 U.S.C. § 1252(b)(6).

### III.    The BIA failed to consider all relevant factors to determine Petitioner's eligibility for § 212(c) relief.

Petitioner contends that the BIA erred as a matter of law in denying his application for a waiver of inadmissibility under § 212(c) because it failed to conduct a complete, individualized, and reasoned analysis of the equities and adverse factors bearing on Petitioner's application. Specifically, Petitioner contends that the BIA ignored the extensive evidence presented to demonstrate his value and service to the community.

We have jurisdiction to decide petitions for review brought by an alien who is removable for having committed an aggravated felony or a firearm violation when the petition for review presents a constitutional issue or question of law. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ."); *see also Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) ("[W]e retain jurisdiction to review questions of law raised upon a petition for review." (citation and quotation marks omitted)).

**[1]** Section 212(c) provides relief from removal, at the discretion of the Attorney General, to permanent residents who pled guilty to crimes prior to 1996. *INS v. St. Cyr*, 533 U.S. 289, 294-98 (2001). Although Congress repealed § 212(c) as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Supreme Court ruled in *St. Cyr* that permanent residents who pled guilty to crimes prior

to the repeal could still apply for § 212(c) relief if they would have been eligible at the time of their plea. *Id.* at 326.

**[2]** This court has repeatedly emphasized that the BIA abuses its discretion when it fails to consider all favorable and unfavorable factors bearing on a petitioner's application for § 212(c) relief. *See Rashtabadi v. I.N.S.*, 23 F.3d 1562, 1571 (9th Cir. 1994) ("The failure to consider an important factor or to make a record of considering it constitutes an abuse of discretion."); *see also Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) ("The BIA or the IJ decides whether an applicant is entitled to a favorable exercise of agency discretion on a case by case basis by taking into account the social and humane considerations presented in the applicant's favor and balancing them against the adverse factors that evidence the applicant's undesirability as a permanent resident.") (citations and quotation marks omitted); *Dragon v. INS*, 748 F.2d 1304, 1306 (9th Cir. 1984) (explaining that the BIA is "required to weigh all factors presented, both favorable and unfavorable"). There are no rigid requirements beyond the need for comprehensive consideration. *See Marin*, 16 I. & N. Dec. at 584 (BIA 1978) (explaining that no "inflexible test" has been adopted, that "the record as a whole" must be reviewed, and that the basis for the decision "must be enunciated in [the] opinion").

**[3]** Consideration of all relevant factors includes taking into account both negative and positive circumstances relevant to each Petitioner. The positive factors to be considered include, among others, ties to this country, evidence of hardship, and important to this case, value and service to the community. More than thirty years ago, the BIA listed the following as positive factors: "family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while the [petitioner] was of young age), evidence of hardship to the [petitioner] and family if deportation occurs, service in this country's Armed Forces, a history of employment, the exis-

tence of property or business ties, *evidence of value and service to the community*, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a [petitioner's] good character (e.g., affidavits from family, friends, and responsible community representatives)." *Id.* at 584-85 (emphasis added).

**[4]** In this case, the BIA failed to consider all of the positive factors bearing on Petitioner's application for § 212(c) relief because it did not consider his value and service to the community. It found that the Petitioner's more than two-decade-old conviction for multiple crimes was a negative factor that could not be overcome "absent truly outstanding countervailing equities." The BIA went on to recite some favorable factors, but dismissed their significance because of the criminal conviction, and did not mention Petitioner's work with youth. The BIA said that the "principal equities advanced by [Petitioner] . . . are his marriage to a United States citizen, which occurred during the course of these proceedings; his lengthy residence in the United States, nearly all of which occurred during his incarceration; and his commendable rehabilitation during imprisonment." The BIA also noted that Petitioner "has no children" and that his parents and siblings do "not depend on him, economically or otherwise." It concluded that Petitioner had not "identified unusual or outstanding equities sufficient to overcome his serious criminal conviction."

**[5]** The BIA made no mention of the substantial evidence presented by Petitioner to demonstrate his efforts to prevent other youth from following in his criminal footsteps. Some of this work led to his parole from prison. Petitioner correctly contends that the BIA failed to consider all relevant factors when making its § 212(c) determination. Leaders of community organizations wrote to the immigration court attesting to Petitioner's work inside and outside of prison. *See* Letter from Jake McGoldrick, Member of Bd. of Supervisors of the City and Cnty. of S.F. (Apr. 21, 2005) ("Mr. Zheng has . . . proven

that he can make positive contributions to society"); Letter from Reverend Norman Fong, Program Dir. of Chinatown Cmty. Dev. Ctr. (Apr. 7, 2005) ("There is no doubt that Eddy can be an asset to the community. I work in this community every single day—the same community where Eddy committed his crime as a 16-year-old—and I know that we need Eddy working with us. With his invaluable skills and experience, he is in an incredible position to steer other young people from following a path to prison. He was in the same situation as many of our youth today."); Letter from Art Calderon, Cal. State Prison Warden (Nov. 19, 1998) ("Mr. Zheng is currently the Vice Chairman of SQUIRES . . . [a] program designed to help and counsel juvenile delinquents and troubled youths."); Letter from Deacon George A. Salinger (Apr. 11, 2005) ("Although Eddie is not Catholic, he was an active participant in the Catholic Chapel. He was a member of the Choir as well as a very strong influence on so many of the men, with whom he interacted."); Letter from Jane Kim, Youth Program Dir. (Apr. 12, 2005) ("I learned about [Eddy's] case four years ago when I discovered an incredibly valuable curriculum that Eddy Zheng wrote for at-risk youth while he was incarcerated in San Quentin. It was a curriculum that I ended up using in my program."). Thus, Petitioner provided ample evidence of his community involvement and his value to society. *See Marin*, 16 I. & N. Dec. at 585 (listing "value and service to the community" as a positive factor).

**[6]** Under the controlling law, the BIA was required to consider Petitioner's value and service to the community as a factor in Petitioner's application for § 212(c) relief. The BIA's failure to consider or even mention such a significant factor in the face of such a substantial showing constitutes abuse of discretion. *Rashtabadi*, 23 F.3d at 1571 ("The failure to consider an important factor or to make a record of considering it constitutes an abuse of discretion."). This case must therefore be remanded so that the BIA can evaluate the unusual nature of the record in this case. *Dragon*, 748 F.2d at

1307 (remanding to the BIA "with instructions to evaluate expressly all relevant factors presented in the petition").

The government points to the BIA's reference to Petitioner's "commendable rehabilitation during imprisonment" and argues it encompasses his service to youth while in prison and during the course of this proceedings. Rehabilitation would include his learning English, obtaining his GED and associates degree, his having a good disciplinary record in prison, and his lack of a subsequent criminal record. *See Rashtabadi*, 23 F.3d at 1571 (explaining that evidence of rehabilitation includes attending GED and vocational educational classes as well as the absence of subsequent criminal conduct). Rehabilitation, however, is not the same as value and service to the community. As the BIA said in *Marin*, rehabilitation is a factor different from value and service to the community. 16 I. & N. Dec. at 585. The BIA must take both rehabilitation and value and service to the community into account when relevant. So far as we can tell from the BIA decision, Petitioner's community service and work with youth was not considered. The evidence of Petitioner's value and service to the community was relevant in this case, so we remand for the BIA to consider it. *See Dragon*, 748 F.2d at 1307.

## IV. The evidence does not compel a finding that Petitioner would be tortured if returned to China.

Petitioner contends that the BIA erred in upholding the IJ's determination that Petitioner failed to demonstrate that it was more likely than not that he would be tortured if returned to China. Petitioner claims eligibility for CAT relief due to his status as a convicted criminal and deportee, his possible future status as a returned resident from the United States without strong family support, and his outspoken nature.

[7] We have jurisdiction to review the BIA's denial of CAT relief when such relief is denied on the merits. *See Morales v. Gonzales*, 478 F.3d 972, 980 (9th Cir. 2007)

("[W]hen an IJ does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions . . . apply to divest this court of jurisdiction." (citations omitted)). To receive relief under CAT, Petitioner has the burden of showing that he "is more likely than not to be tortured in the country of removal." 8 C.F.R. § 1208.16(c)(4); *see Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (same). In order for this court to reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse . . . we must find that the evidence not only *supports* that conclusion, but *compels* it . . . ." (emphasis in the original)).

**[8]** The IJ found that Petitioner would have the support of his family if returned to China. The IJ said that "because of the economic and social support that the respondent can expect from his family" Petitioner could not show that he is more likely than not to be tortured if returned to China. This finding, as the BIA recognized, is supported by a letter from a member of Petitioner's family written to the California Board of Prison Terms urging Petitioner's parole and discussing Petitioner's secure future in China. Petitioner argues that he can no longer rely on the support from his family because the job referred to in the letter is no longer available and because the family member in China has moved. He claims that lacking family or friends that he can rely on in China he is particularly vulnerable to torture.

**[9]** Yet, the claims of possible torture remain speculative. The IJ found "insufficient evidence in the record to show by a clear probability that the fact of a serious felony conviction would cause [Petitioner] to be incarcerated and tortured in China." The BIA agreed. The IJ also found speculative the claim that Petitioner would likely be tortured in China. In his petition for review before this court, Petitioner does not challenge those findings and the record does not compel reversal.

Instead, Petitioner relies on his expert's opinion testimony about the likelihood of torture. That opinion, however, was not supported by the record. As the IJ explained: "It is clear that [Petitioner's expert] testimony is based on the assumption that [Petitioner] will be in a remote village with no family. If [Petitioner] is in a large city and he has adult relatives . . . to call on, [the expert's] opinions lose much of their force." The record supports this observation. A member of his family testified that Petitioner has adult relatives and family friends living in China who would be there to help if Petitioner needed any assistance. The evidence thus belies Petitioner's contention that he would face torture if he returned to China.

## V.   The BIA did not abuse its discretion in denying Petitioner's motion to reopen his application for CAT relief.

Petitioner next contends that the BIA abused its discretion in denying his motion to reopen his application for CAT relief based on changed country conditions. He contends that the materials he submitted established that there have been increases in persecution of dissidents and that as a result he is likely to be tortured. Petitioner also contends that the BIA failed to review the record as a whole.

**[10]** To prevail on a motion to reopen, Petitioner must show that there is a "reasonable likelihood" that he will meet the statutory requirements to obtain eligibility for relief under CAT, namely that he is more likely than not to be tortured in the country of removal. *Malty v. Ashcroft*, 381 F.3d 942, 947 (9th Cir. 2004); 8 C.F.R. § 1208.16(c)(4). Additionally, we have held that although the BIA "has broad discretion in ruling on a motion to reopen, it must show proper consideration of all factors, both favorable and unfavorable, in determining whether to grant a motion to reopen." *Toufighi v. Mukasey*, 538 F.3d 988, 993 (9th Cir. 2008).

**[11]** The record shows that the BIA diligently listed, in a page-long paragraph, all the materials Petitioner submitted in

support of his application and discussed why the evidence was "not persuasive," was speculative, or was "of limited relevance." Thus, the BIA did not abuse its discretion in denying Petitioner's motion to reopen.

## VI. Conclusion

We **GRANT** the petition for review with respect to Petitioner's application for § 212(c) relief and **REMAND** for consideration of all relevant factors. We **DENY** the petition for review with respect to Petitioner's CAT claim and with respect to Petitioner's motion to reopen based on claimed changed country conditions.

Petition for review **GRANTED** in part and **DENIED** in part.

Each party shall bear its own costs.