**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOFIAN KWEK; et al., | No. 08-74612 |
| Petitioner, | Agency Nos.  A098-648-172 |
| v. | A098-648-173 |
| | A098-648-174 |
| ERIC H. HOLDER Jr., Attorney General, | A098-648-175 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Sofian Kwek and his family, natives and citizens of Indonesia, petition for

review of the Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's decision denying their application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

_____

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant in part and deny in part the petition for review, and we remand.

In evaluating Kwek's asylum and withholding of removal claims, the agency appears to have concluded the attack that occurred at Kwek's rice mill and the attack on Kwek's son were random acts of violence and not a basis for relief. Substantial evidence does not support this finding. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) ("What the IJ described is not random violence, but violence with a distinct racial slant."). Accordingly, because the agency did not consider these incidents in evaluating Kwek's claim of past persecution and his fear of future persecution, as a member of disfavored groups, we grant the petition with respect to petitioners' asylum and withholding of removal claims, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

With respect to CAT relief, Kwek has failed to establish a clear probability he faces torture if removed to Indonesia. *See, Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) ("To receive relief under CAT, Petitioner has the burden of

showing that he is more likely than not to be tortured in the country of removal.")

(citation and internal quotation omitted).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part;**

**REMANDED.**