**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWINDER SINGH DHILLON, | No. 10-70283 |
| Petitioner, | |
| v. | Agency Nos. A097-118-050 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Jaswinder Singh Dhillon, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that, even if Dhillon testified credibly and suffered past persecution, the government rebutted the presumption that Dhillon has a well-founded fear of future persecution with evidence of changed country conditions in India. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) ("[W]here the BIA rationally construes an ambiguous or somewhat contradictory country report and provides an individualized analysis of how changed conditions will affect the specific petitioner's situation, substantial evidence will support the agency determination." (internal citation and quotation marks omitted)). We do not reach Dhillon's contention that he cannot reasonably relocate within India because our review is limited to the BIA's reasoning. *See Hassan v. Ashcroft*, 380 F.3d 1114, 1121-22 (9th Cir. 2004). Substantial evidence also supports the agency's finding that Dhillon is not entitled to a humanitarian grant of asylum. *See Kumar v. INS*, 204 F.3d 931, 934-35 (9th Cir. 2000) (concluding that petitioner's experiences, including being stripped and fondled in front of her parents, punched and kicked, forced to renounce her religion, and beaten unconscious, were not sufficiently

severe to warrant humanitarian asylum).  Accordingly, Dhillon's asylum claim fails.

Because Dhillon has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's determination that Dhillon was not eligible for CAT relief.  *See Kumar v. Gonzales*, 444 F.3d 1043, 1055-56 (9th Cir. 2006) (substantial evidence supported the agency's denial of petitioner's CAT claim even though the petitioner suffered a month-long police detention in India, during which he was consistently beaten with wooden sticks and leather belts).

**PETITION FOR REVIEW DENIED.**