**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO GARAY ARROYO, | No. 10-72732 |
| Petitioner, | Agency No. A095-025-058 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Eduardo Garay Arroyo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that Garay Arroyo established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Accordingly, Garay Arroyo's asylum claim fails.

Substantial evidence supports the BIA's finding that Garay Arroyo failed to establish he suffered past persecution on account of his sexual orientation. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal dispute, not persecution on account of a protected ground). Substantial evidence also supports the BIA's finding that Garay Arroyo failed to establish it is more likely than not that he would be persecuted in the future. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Garay Arroyo's claim for withholding of removal fails.

Finally, substantial evidence supports the BIA's denial of Garay Arroyo's

10-72732

CAT claim because he failed to show it is more likely than not that he will be tortured if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**