**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INDRI THERESIA YOLANDA, | No. 12-71229 |
| Petitioner, | Agency No. A087-692-879 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Indri Theresia Yolanda, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Yolanda failed to demonstrate the harms she experienced in Indonesia, including the incident with demonstrators and various incidents of harassment, rose to the level of persecution.  *See id.* at 975-76 (concluding no past persecution where petitioner testified to various incidents of harassment, denial of medical care, arrest and detention, and a mob beating due to his ethnicity and religion).  Substantial evidence also supports the agency's finding that, even under a disfavored group analysis, Yolanda failed to show sufficient individualized risk of persecution in Indonesia to demonstrate a well-founded fear of future persecution.  *See id.* at 978-79.  We reject Yolanda's contention related to a pattern and practice of persecution of Christians in Indonesia.  Accordingly, her asylum claim fails.

Because Yolanda failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

12-71229

Substantial evidence supports the agency's denial of CAT relief because Yolanda failed to establish it is more likely than not she will be tortured if removed to Indonesia. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

Finally, we deny Yolanda's motion to take judicial notice of the 2011 State Department report and do not consider it. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED.**