**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAOJIN CUI,<br><br>             Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 12-72540<br><br>Agency No. A087-604-891<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Baojin Cui, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

With respect to Cui's claims for relief based on religion, substantial evidence supports the BIA's adverse credibility determination based on significant omissions from Cui's testimony of details regarding his reasons for fearing a return to China. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011); *Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). We reject Cui's contentions that the agency relied on conjecture and inadequately explained its reasoning. In the absence of credible testimony, Cui's claims for asylum and withholding of removal based on religion fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

With respect to Cui's claims for relief based on China's coercive population control policy, substantial evidence supports the BIA's determination that Cui failed to demonstrate resistance to the policy. *See* 8 U.S.C. § 1101(a)(42)(B); *Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010) (petitioner "must provide evidence of resistance" in order to qualify for asylum based on spouse's forced

abortion).  Accordingly, Cui's claims for asylum and withholding of removal based on China's population control policy fail.

Finally, substantial evidence supports the BIA's denial of CAT relief because Cui failed to establish it is more likely than not he will be tortured if removed to China.  *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**