**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN HERNANDEZ-GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-74060 <br><br> Agency No. A088-741-142 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN and NGUYEN, Circuit Judges.

Esteban Hernandez-Gomez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Hernandez-Gomez's untimely asylum application is excused by changed or extraordinary circumstances. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam).

With respect to withholding of removal, substantial evidence supports the agency's finding that Hernandez-Gomez failed to establish a nexus between any harm he fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").

Finally, substantial evidence supports the agency's denial of Hernandez-Gomez's CAT claim because he failed to show it is more likely than not that he would be tortured if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**