**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MICHAEL MELVIN DWIGHT KAUNANG, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 13-70314 <br><br> Agency No. A096-347-844 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015**

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Michael Melvin Dwight Kaunang, native and citizen of Indonesia, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Kaunang established changed circumstances to excuse his untimely asylum application, *see* 8 C.F.R. § 1208.4(a)(5), nor does it compel the conclusion that he filed his asylum application within a reasonable period of time after the expiration of his status, *see Husyev v. Mukasey*, 528 F.3d 1172 (9th Cir. 2008) (364 day delay in filing asylum application after non-immigrant status expired was not a reasonable period). We reject Kaunang's contention that the one-year filing deadline commences from the date his non-immigrant status lapsed. *See* 8 C.F.R. § 1208.4(a)(2)(ii) (one-year period "shall be calculated from the date of the alien's last arrival in the United States"). Thus, we deny the petition as to Kaunang's asylum claim.

Substantial evidence supports the agency's finding that Kaunang's experiences in Indonesia do not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-1060 (mistreatment, including two beatings, did not compel finding of past persecution). Substantial evidence also supports the agency's finding that, even under a disfavored group analysis, Kaunang failed to submit sufficient evidence of individualized risk to show it is more likely than not that he will be persecuted. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *see also*

*Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). Further, substantial evidence supports the agency's finding that Kaunang failed to establish a pattern or practice of persecution of Christians in Indonesia. *See Wakkary*, 558 F. 3d at 1060-1062. Thus, Kaunang's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Kaunang's CAT claim because he failed to show it is more likely than not that he would be tortured if returned to Indonesia. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011). Thus, we deny the petition as to Kaunang's CAT claim.

**PETITION FOR REVIEW DENIED.**

13-70314