NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO LEMUS TUNCHE, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-73557 Agency No. A070-946-106 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Roberto Lemus Tunche, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      **     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Tunche's contentions regarding the IJ's dispositive finding that Tunche's conviction constitutes a particularly serious crime barring his asylum and withholding of removal claims because he did not raise them to the BIA. *See Arsdi v. Holder*, 659 F.3d 925, 928-29 (9th Cir. 2011). We reject his contention that the BIA erred by limiting its review to his CAT claim.

Substantial evidence supports the BIA's denial of Tunche's CAT claim because he failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) ("claims of possible torture remain speculative"). We reject Tunche's contention that the BIA failed to consider relevant evidence or analyze his claim properly.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**