**NOT FOR PUBLICATION**

FILED

FEB 16 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROSALIO MEMIJE-GUZMAN, | No.   15-71394 |
| Petitioner, | Agency No. A095-428-654 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2018**
San Francisco, California

Before:  KLEINFELD and TALLMAN, Circuit Judges, and JACK,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Rosalio Memije-Guzman, a native and citizen of Mexico, petitions for review of an adverse decision of the Board of Immigration Appeals on his applications for withholding of removal and Convention Against Torture relief. We review for substantial evidence, see Andrade-Garcia v. Lynch, 828 F.3d 829, 833 (9th Cir. 2016), and deny his petition.

**1.** Substantial evidence supports the adverse credibility determination as to Memije-Guzman's past persecution claim. His testimony contained multiple contradictions. Memije-Guzman told an asylum officer that while he was working as a cab driver in Acapulco, the Beltran-Leyva cartel extorted him for money for a period of eight years. At his merits hearing, Memije-Guzman testified that the cartel extorted him for two years. He denied telling the asylum officer that the cartel extorted him for eight years. Memije-Guzman also told the asylum officer that he had reported his extortionists to the police three times. At his merits hearing, Memije-Guzman testified that he never reported them to the police. When the IJ gave Memije-Guzman a chance to explain the discrepancy, his proffered explanation further contradicted the transcript of his interview with the asylum officer. These inconsistencies go to the heart of Memije-Guzman's claim. Shrestha v. Holder, 590 F.3d 1034, 1046–47 (9th Cir. 2010) ("Although

inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

**2.** Substantial evidence also supports the BIA's dismissal of Memije-Guzman's religious persecution claim. Memije-Guzman did not convert to Mormonism until he was in the United States. Although he points to some evidence of discrimination against non-Roman Catholics in some places in Mexico, he has not shown an "objectively reasonable" fear of future persecution. Wakkary v. Holder, 558 F.3d 1049, 1060 (9th Cir. 2009).

**3.** Substantial evidence also supports the BIA's denial of CAT relief. Memije-Guzman has not shown that he is more likely than not to be tortured if removed to Mexico. Xiao Fei Zheng v. Holder, 644 F.3d 829, 835 (9th Cir. 2011). The evidence of record does not compel a contrary result. Id.; see also Dhital v. Mukasey, 532 F.3d 1044, 1051–52 (9th Cir. 2008).

**PETITION DENIED.**