**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN MANUYLON, AKA Ivan Manuylov, | No. 17-72152 |
| Petitioner, | Agency No. A071-309-821 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2018[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Ivan Manuylon ("Manuylon"), a native and citizen of Russia, seeks review of

the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's

("IJ") denial of Convention Against Torture ("CAT") relief. We have jurisdiction

pursuant to 8 U.S.C. § 1252 and deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's denial of CAT relief.[1] Manuylon first claims he likely will be tortured upon return to Russia due to his mental illness. But the IJ found that Manuylon could afford his medication by working as an automotive technician, and nothing in the record compels a contrary result. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)). So, this "claim[] of possible torture remain[s] speculative" at best. *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). Further, even if the record compelled the conclusion that Manuylon would be institutionalized and that conditions in Russian mental institutions are tantamount to torture, he has not established that Russian officials "created th[o]se conditions for the specific purpose of inflicting suffering upon the patients." *Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008). Thus, the BIA properly denied CAT relief regarding Manuylon's mental illness.

Manuylon also claims that he likely will be tortured upon return to Russia because he is a devout Evangelical Christian-Baptist. Although the record suggests that Manuylon's religious beliefs may lead to discrimination or persecution, it does not compel the conclusion that he likely will be tortured. *See Alphonsus v. Holder*,

---

[1] "We review for substantial evidence the factual findings supporting the BIA's decision that an applicant has not established eligibility for . . . relief under CAT." *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (internal citations omitted).

705 F.3d 1031, 1049 (9th Cir. 2013) (distinguishing discrimination or persecution from torture); *Zhang v. Ashcroft*, 388 F.3d 713, 719, 721–22 (9th Cir. 2004) (rejecting CAT relief where the record compelled the conclusion that the petitioner would be "arrested, imprisoned, and abused" but not that he would be tortured). As a result, the BIA properly denied CAT relief regarding Manuylon's religious beliefs.

**PETITION DENIED.**