**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VILMA DEL CARMEN NIETO-SILVA; INGRID NAYELI AYALA-NIETO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-71886 <br><br> Agency Nos. A208-546-004 <br> A208-546-005 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2021[**]
Honolulu, Hawaii

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Petitioner Vilma Del Carmen Nieto-Silva ("Nieto-Silva") and her minor

daughter, both natives and citizens of El Salvador, petition for review from an

order of the Board of Immigration Appeals ("BIA") upholding the denial of their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

In their opening brief, Petitioners did not challenge the BIA's conclusion that Petitioners had failed to establish a nexus between a protected ground and their past or feared harm. The government highlighted this omission in its answering brief, contending Petitioners waived any challenge to the nexus determination. Petitioners have done nothing to attempt to remedy their omission—indeed, they filed no reply brief at all. Accordingly, we hold that Petitioners waived any challenge to the BIA's lack-of-nexus determination. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013) (holding that the petitioner "waived any objections" to the denial of withholding of removal or CAT relief by not addressing either issue in his brief). Because nexus is an essential element of claims for asylum and withholding of removal, the BIA's unchallenged lack-of-nexus determination is dispositive on these two claims.[1] *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

As for Petitioners' CAT claim, the BIA's denial was supported by substantial evidence. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir.

---

[1] Because we uphold the BIA's denial of Petitioners' claims for asylum and withholding of removal on lack-of-nexus grounds, we do not reach the BIA's alternative conclusion that Petitioners were ineligible for relief because they failed to demonstrate that they belonged to a cognizable social group.

2016).  The BIA denied CAT relief after concluding that Nieto-Silva had not experienced past harm rising to the level of torture and that Petitioners' prospect of future torture by or with the acquiescence of a public official was too speculative. The evidence does not "compel a different conclusion." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).  Gang members' unsuccessful attempt to extort Nieto-Silva does not meet the high bar for constituting torture under CAT.  *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020) ("Torture is any act by which severe pain or suffering is intentionally inflicted for such purposes as obtaining information or a confession, punishing an act committed or one suspected of having been committed, intimidating or coercing, or for any reason based on discrimination of any kind.").  And by Nieto-Silva's own account, her mother, her eldest daughter, and her son-in-law remain in El Salvador and have lived in relative safety.  This testimony undercuts Petitioners' claim that future torture is likely if Petitioners are returned to El Salvador.

**PETITION DENIED.**