NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DE JESUS LOPEZ-GOMEZ, | No. 16-70845 |
| Petitioner, | Agency No. A200-157-053 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Jose de Jesus Lopez-Gomez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for deferral of

removal under the Convention Against Torture ("CAT"). We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny the petition for review.

Substantial evidence supports the agency's denial of deferral of removal under the CAT because Lopez-Gomez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture were speculative); *Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011) (country reports and credible testimony were insufficient to compel conclusion that petitioner was more likely than not to be tortured).

The BIA did not err in concluding the IJ did not violate Lopez-Gomez's right to due process by failing to consider evidence.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and substantial prejudice are required to prevail on a due process claim).

**PETITION FOR REVIEW DENIED**.