**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARCOS ISRAEL HERNANDEZ-RODRIGUEZ, AKA Marcos Israel Hernandez,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　18-72842<br><br>Agency No. A099-481-148<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Marcos Israel Hernandez-Rodriguez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from a decision of the Immigration Judge (IJ) denying his application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. To be eligible for withholding of removal, Petitioner must demonstrate a "clear probability" of future persecution on account of a statutorily protected ground. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). A petitioner may generate a presumption of eligibility for withholding of removal by demonstrating past persecution. *See Aden v. Wilkinson*, 989 F.3d 1073, 1086 (9th Cir. 2021). We do not disturb the BIA's conclusion that the unfulfilled threat against Petitioner for failure to pay or join the Mara Salvatrucha (MS) gang does not show that he experienced past persecution in El Salvador. *See e.g.*, *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" (citation omitted)).

Substantial evidence also supports the BIA's determination that Petitioner did not demonstrate that his membership in either of the proposed particular social groups "landowners in El Salvador" or "family of Camilo Hernandez," or his anti-gang political opinion, was a reason for his alleged persecution. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 881–82 (9th Cir. 2021). The IJ and BIA

2

recognized that the MS gang extorts both those who own land and those who do not, and there was insufficient record evidence to show that the gang targeted Petitioner specifically because of his family's landowning status. Harm on account of general crime and violence does not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Petitioner argues that the nature of the persecution against his family differed from that of the general populace because the MS gang seeks to displace landowners and use their land as a base of operations. This argument is speculative, and the record does not compel a contrary conclusion to that reached by the BIA.

The agency's conclusion that Petitioner was not targeted on account of his familial relationship to Camilo Hernandez is also supported by substantial evidence. The evidence indicates that the MS gang seeks payment from everybody regardless of familial status, Petitioner's sister lives in El Salvador unharmed, and, although some of Petitioner's cousins were killed by the gang, testimony indicates that the reasons for those murders were either unknown or unrelated to membership in the family. *Cf. Jie Lin v. Ashcroft*, 377 F.3d 1014, 1028–29 (9th Cir. 2004). Petitioner offers only unsupported speculation that he was "targeted in part initially because he was a member of his father's landowning family" to coerce his father to pay, and that he would not have been similarly threatened in

3

the absence of a relationship to Camilo Hernandez.[1]

Petitioner's argument that the BIA erred in failing to recognize the "political nature" of gangs in El Salvador and to meaningfully address his argument that he feared persecution on account of his political opinion—a generalized opposition to gangs—also fails. Merely refusing to join a gang or pay them, without more, does not constitute a political opinion. *See, e.g.*, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 746–47 (9th Cir. 2008) (holding that resistance to a gang's recruitment efforts, by itself, does not constitute a political opinion for purposes of establishing a protected ground), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

2.     An applicant for CAT relief must demonstrate that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed" to his native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Substantial evidence supports the BIA's denial of CAT relief because Petitioner was not subject to past torture, the Salvadoran government endeavors to stop gangs, and there is no evidence that Petitioner will be tortured with the consent or

---

[1] Petitioner also argues that the IJ incorrectly assumed that the MS gang could not have had multiple reasons for persecuting his family—that is, to obtain money *and* to coerce Camilo Hernandez to pay. But the IJ did not incorrectly apply the higher "one central reason" standard required for asylum claims to Petitioner's withholding of removal claim, and Petitioner's claim fails for lack of a nexus between his asserted harm and his proposed particular social groups.

acquiescence of the government if returned to El Salvador.

The evidence does not indicate that the government is willfully blind or unwilling to oppose the MS gang; rather, the record demonstrates that the police investigated the killings of Petitioner's cousins and that, in some instances, the gang members fled the police's arrival. "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice," or evidence that a government "has been generally ineffective in preventing or investigating criminal activities," without "evidence of corruption or other inability or unwillingness to oppose criminal organizations," is insufficient to establish acquiescence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014).[2]

Although the country conditions reports demonstrate some police corruption in El Salvador, the evidence does not show that Petitioner faces a particularized, ongoing risk of future torture. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018); *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011). Indeed, Petitioner's sister lives in El Salvador unharmed, and Petitioner himself returned to El Salvador where he remained safely for a time before he returned to the United States.

**PETITION DENIED.**

---

[2] Moreover, Petitioner's argument that the gangs are "in a state of war with the government and police," cuts against his claim that the government would condone his torture by the gangs.