**NOT FOR PUBLICATION**

**FILED**

MAR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO JAVIER TORRES MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-735<br><br>Agency No.<br>A213-086-914<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2023
San Francisco, California

Before: W. FLETCHER, TALLMAN, and LEE, Circuit Judges.

Petitioner Pedro Javier Torres Martinez, a native and citizen of Mexico, seeks

review of a decision from the Board of Immigration Appeals ("BIA" or "Agency")

affirming the Immigration Judge's ("IJ") denial of his requests for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

He also appeals the agency's denial of his motion to continue his case and motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

consolidate his case with that of his wife and two daughters. We have jurisdiction under 8 U.S.C. § 1252, and review for substantial evidence the factual findings underlying the BIA's denial of relief. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). As the parties are familiar with the facts, we do not recount them here. We deny in part and grant in part the petition for review, and remand.

1. Asylum and withholding of removal claims. We reject Torres Martinez's argument that the BIA erred in denying asylum and withholding of removal. Substantial evidence supports the BIA's determination that, even if Torres Martinez testified credibly, he is not eligible for asylum or withholding of removal because he failed to establish a nexus between the harm he suffered and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Torres Martinez states he fears he will be persecuted and/or tortured if removed to Mexico because of his membership in two particular social groups: (1) young males perceived as cartel members, and (2) Mexican males perceived as cartel members. He also states he fears he will be persecuted and/or tortured on account of an imputed political opinion—"the opinion that one should not engage in criminal activities."

The BIA concluded that, even assuming such groups and opinions are cognizable as protected grounds, Torres Martinez failed to establish that he was previously targeted on account of any of these grounds. The BIA found that, instead, cartel members targeted Torres Martinez because they mistakenly believed he had

been selling drugs in their territory, an activity the cartel wanted to stop regardless of the person's social group or political opinion. Torres Martinez testified that members of the cartel told him that someone had identified him as a person who was selling drugs and that the cartel subsequently beat him, repeatedly accused him of selling drugs in their territory, and asked him who supplied him with the drugs. Thus, the BIA reasonably found that "the cartel members were motivated purely by their desire to obtain information and stop the rival sale of drugs." *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) ("In order for this court to reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA.").

2. CAT claim. We grant Torres Martinez's petition seeking review of the BIA's denial of relief under CAT and remand that issue to the BIA. The IJ's opinion does not expressly rely on its adverse credibility determination in denying CAT. The BIA, however, cites the adverse credibility determination as support for its denial. The BIA states: "We further affirm the denial of the respondent's request for protection under the CAT. The respondent's claim of past mistreatment is based on the same factual premise that the Immigration Judge found to be not credible. The Immigration Judge *also* properly determined that the respondent did not produce sufficient evidence, *independent of his testimony*, to establish it is more likely than

not he would be tortured by or at the instigation of or with the consent of acquiescence of a public official or other person acting in an official capacity."

It remains unclear whether the BIA relied on the IJ's adverse credibility determination or provided an alternative ground for denial. And because the petitioner raises a valid question of whether substantial evidence supports the IJ's adverse credibility determination, we reverse and remand the CAT claim for clarification.[1]

**PETITION FOR REVIEW DENIED IN PART AND GRANTED IN PART; REMANDED.**

---

[1] Given that we reverse and remand the CAT claim, we decline to consider his argument that the agency's denial of his motion to continue and motion to consolidate denied him his right to due process. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (noting there is no due-process violation unless the petitioner has been deprived of "a full and fair hearing" of his claims, "which means that the outcome of the proceeding may have been affected by the alleged violation").