**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIMA ALI MOBASSER, | No. 11-70225 |
| Petitioner, | Agency No. A077-304-352 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2014**
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Nima Ali Mobasser, a native of Iran and citizen of Sweden, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

and protection under the Convention Against Torture. We have jurisdiction under

8 U.S.C. § 1252 and review the agency's factual findings for substantial evidence.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

First, Mobasser has failed to show that the agency was compelled to conclude that he suffered past persecution in Sweden. Mobasser experienced only one incident of physical violence in Sweden committed by private actors when he was a teenager, and that incident did "not compare to the severity of physical abuse that in other cases we have deemed persuasive to show persecution." *Nagoulko v. INS*, 333 F.3d 1012, 1017 (9th Cir. 2003); *see also Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006). Moreover, although "acts of violence committed against an applicant's friends or family can establish a well-founded fear of persecution," *Nagoulko* 333 F.3d at 1017, that Mobasser's 11-year-old family friend was beaten into a coma by a racist group during that incident does not compel a factfinder to conclude that Mobasser suffered past persecution. Furthermore, there is no evidence that the Swedish government is unwilling or unable to control such private conduct. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920-21 (9th Cir. 2010). Nor does the other instance of ethnic discrimination Mobasser recounted – in which he was denied the opportunity to attend a tour of a military command unit with fellow soldiers – compel a finding of past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) ("Persecution is an extreme concept

that does not include every sort of treatment our society regards as offensive [and] . . . mere discrimination, by itself, is not the same as persecution." (citations, alterations, and internal quotation marks omitted)); *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) (persecution does not include "mere discrimination, as offensive as it may be").  Even considered cumulatively, these two incidents do not rise to the level of persecution.  *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (harassment, threats, and one beating did not compel finding of past persecution).

Second, the record evidence does not compel the conclusion that Mobasser has a well-founded fear of future persecution.  *See Gu*, 454 F.3d at 1022 (petitioner failed "to present compelling, objective evidence demonstrating a well-founded fear of persecution").  The agency was entitled to rely on the record evidence indicating that the Swedish government actively combats ethnic violence and discrimination, and Mobasser's speculative fear of future persecution "does not compel a finding that future persecution is an objectively reasonable possibility." *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Finally, substantial evidence also supports the agency's denial of CAT relief, as Mobasser has presented no evidence demonstrating that it is more likely than

not that he will be tortured if returned to Sweden.  *See Zheng v. Holder*, 644 F.3d

829, 835-36 (9th Cir. 2011).

     The petition for review is **DENIED**.