**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANA CECILIA ALEMAN-VILLAGRAN, | No. 13-70403 |
| Petitioner, | Agency No. A094-802-365 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Ana Cecilia Aleman-Villagran, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Annachamy v. Holder*, 733 F.3d 254, 258 (9th Cir. 2013), and for substantial evidence the factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny the petition for review.

Substantial evidence supports the IJ's finding that the one incident in which several gang members confronted and threatened Aleman-Villagran did not constitute past persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Lim v. Ashcroft*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone [] constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation and citation omitted).  Substantial evidence also supports the IJ's finding that Aleman-Villagran failed to establish the government of El Salvador is unwilling or unable to control the people who threatened her.  *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam); *see also Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010) ("[E]ven if we might have reached a conclusion different from that reached by the [IJ], we may not reverse unless we determine that any reasonable factfinder would have been compelled to reach that conclusion.") (internal quotation and citation omitted).  Thus, Aleman-Villagran's asylum claim fails.

13-70403

Because Aleman-Villagran failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the IJ's denial of Aleman-Villagran's CAT claim because she failed to show it is more likely than not that she would be tortured if returned to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

Finally, we reject Aleman-Villagran's due process contention regarding the BIA's summary affirmance. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848-50 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**