**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARICRUZ AVILA-GUTIERREZ, | No. 13-71564 |
| Petitioner, | Agency No. A091-852-710 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Maricruz Avila-Gutierrez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's order denying her motion to reopen removal

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen.  *Mohammed v. Gonzales*, 400

F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition

for review.

The agency did not abuse its discretion in denying Avila-Gutierrez' motion

to reopen as a matter of discretion, where the agency considered both the positive

and negative factors presented in her case and determined that she was not entitled

to a favorable exercise of discretion.  *See Zheng v. Holder*, 644 F.3d 829, 833 (9th

Cir. 2011) (in determining whether to exercise its discretion in favor of a

petitioner, the agency must consider "all relevant factors includ[ing] taking into

account both negative and positive circumstances relevant to each [p]etitioner"

(citation and internal quotation marks omitted)).

We lack jurisdiction to consider Avila-Gutierrez' contentions regarding her

removability, where she has not exhausted these arguments before the agency.  *See

Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction

to consider legal claims not presented in an alien's administrative proceedings

before the agency).

We decline to review Avila-Gutierrez's contentions that the agency erred in

not equitably tolling the filing deadline for her untimely motion to reopen and that

she established ineffective assistance of counsel, because these are not grounds the

BIA relied upon in dismissing her appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) ("[O]ur review is limited to the grounds actually relied upon by the BIA[.]").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**