**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA AKOPIAN, AKA Anoush Patrikian,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-70640<br><br>Agency No. A095-716-867<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2015[**]
Pasadena, California

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

Anna Akopian, a native of the former Soviet Union and citizen of Georgia,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an Immigration Judge's decision denying her applications for asylum,

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Cortez–Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010), and we deny the petition.

Substantial evidence supports the agency's finding that the treatment Akopian endured did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the agency's finding that Petitioner failed to demonstrate a well-founded fear of future persecution, because her fear is not objectively reasonable. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1082 (9th Cir. 2011). Thus, Petitioner has not established eligibility for asylum. Because Petitioner failed to establish eligibility for asylum, it necessarily follows that she failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the denial of Petitioner's CAT claim, because she has not shown that it is more likely than not she will be tortured by or with the consent or acquiescence of the government of Georgia if she is returned there. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION DENIED.**