FILED

OCT 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMILCAR FRANCISCO FUENTES
AGUILAR,

          Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

          Respondent.

No. 10-70851

Agency Nos. A077-755-286

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

    Amilcar Francisco Fuentes Aguilar, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's finding that Aguilar, who was never arrested, harmed, or directly threatened with arrest or harm in Guatemala, failed to establish past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (no past persecution where the petitioner was not physically harmed or detained and only suffered *de minimis* property damage and vague threats). Substantial evidence also supports the agency's finding that Aguilar failed to demonstrate a well-founded fear of future harm. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000) (finding no well-founded fear of future persecution where the petitioner suffered a brief detention many years prior to her asylum application and had since returned to Ethiopia three times without incident). Accordingly, Aguilar's asylum claim fails.

Because Aguilar has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

10-70851

Finally, substantial evidence supports the agency's denial of CAT relief because Aguilar failed to establish that it is more likely than not he will be tortured if returned to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**