NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA VILLA DE CARRILLO, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 13-72350 Agency No. A070-740-768 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017**

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Gloria Villa de Carrillo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her motion to terminate removal

proceedings, denying her application for relief under the Convention Against

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and ordering her removed. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the denial of a motion to terminate and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not err or violate due process in denying Villa de Carrillo's motion to terminate removal proceedings or in sustaining the removability charges, because *Samayoa-Martinez v. Holder* forecloses her contention that her statements to immigration officials at the border were unconstitutionally obtained in violation of 8 C.F.R. § 287.3(c). 558 F.3d 897, 901-02 (9th Cir. 2009); *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

Substantial evidence supports the agency's denial of Villa de Carrillo's CAT claim, because Villa de Carrillo failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government of Mexico. *See Silaya* at 1073; *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture were speculative).

**PETITION FOR REVIEW DENIED.**