**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERSHAD KHAJA MOIN,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  12-71069<br><br>Agency No. A070-935-035<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Ershad Khaja Moin, a native and citizen of Bangladesh, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for relief under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

Substantial evidence supports the agency's denial of CAT relief because Moin failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Bangladesh.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (fear of torture speculative); *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) ("Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity" (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**