**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAMADOU FADJIGUI DIALLO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 18-70056<br><br>Agency No. A209-162-933<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Mamadou Fadjigui Diallo, a native and citizen of Guinea, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's finding that Diallo failed to establish past persecution or a likelihood of future persecution on account of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution based on a protected ground); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal dispute is not grounds for relief unless connected to a protected ground). Thus, Diallo's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Diallo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Guinea. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

We do not consider materials Diallo references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th

18-70056

Cir. 1996) (en banc). The government's motion to strike exhibits from Diallo's opening brief is denied as unnecessary.

Diallo's motion for pro bono counsel is denied.

**PETITION FOR REVIEW DENIED.**