**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS R. VILLALOBOS, | No. 17-72891 |
| Petitioner, | Agency No. A091-508-843 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2020
Pasadena, California

Before: WATFORD, THAPAR,[**] and COLLINS, Circuit Judges.

Petitioner Douglas Villalobos, a native and citizen of El Salvador, petitions

for review of the decision of the Board of Immigration Appeals ("BIA") reversing

an order of an Immigration Judge ("IJ") granting his application for adjustment of

status under § 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1255(i). The BIA held that, because Villalobos did not merit a waiver of

inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), he was not entitled to

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court
of Appeals for the Sixth Circuit, sitting by designation.

adjustment of status.  We conclude that we lack jurisdiction over a dispositive issue in this case, and we therefore dismiss the petition.

To obtain a waiver of inadmissibility under § 212(h), an alien generally must satisfy one of the alternative threshold statutory criteria in § 212(h)(1) and then must show that he or she warrants a favorable exercise of discretion under § 212(h)(2).  *See* 8 U.S.C. § 1182(h).  Before the BIA, Villalobos contended that he was eligible for a waiver under both § 212(h)(1)(A) (based on rehabilitation after a conviction that is more than 15 years old), and § 212(h)(1)(B) (based on extreme hardship to certain U.S. family members).  *See id*. § 1182(h)(1)(A), (B).[1] By regulation, the BIA "will not favorably exercise discretion under section 212(h)(2)" with respect to aliens convicted of "violent or dangerous crimes," except in certain specified "extraordinary circumstances," such as "exceptional and extremely unusual hardship."  8 C.F.R. § 1212.7(d).  But even if such extraordinary circumstances are shown, that "might still be insufficient" to merit an *ultimate* "favorable exercise of discretion under section 212(h)(2)."  *Id*.  In exercising that discretion, the agency "must balance the adverse factors evidencing

---

[1] The BIA's order did not mention Villalobos's invocation of § 212(h)(1)(A) and instead appeared to assume that only § 212(h)(1)(B) is at issue.  Although Villalobos's opening brief did not assert that the BIA had erred in failing to mention § 212(h)(1)(A), we need not decide whether Villalobos thereby waived the point.  We perceive no basis in the record for concluding that this point made any difference to the BIA's ultimate exercise of discretion under § 212(h)(2), and it therefore has no effect on the proper disposition of this petition for review.

2

an alien's undesirability as a permanent resident with the social and humane considerations presented on his behalf to determine whether the grant of relief in the exercise of discretion appears to be in the best interests of this country." *In re Mendez-Moralez*, 21 I. & N. Dec. 296, 300 (BIA 1996).

Here, the BIA held that Villalobos's prior conviction for a lewd or lascivious act upon a minor child in violation of California Penal Code § 288(a) "qualifies as a dangerous crime," thereby triggering the "heightened standard set forth" in § 1212.7(d). The BIA further concluded that Villalobos "did not establish that his deportation would result in exceptional and extremely unusual hardship," and that the heightened standard of § 1212.7(d) thus was not satisfied. But the BIA also held that, "[r]egardless of whether we apply ordinary discretionary standards or 8 C.F.R. § 1212.7(d)," Villalobos "has not established that he warrants relief as a matter of discretion." In explaining that discretionary ruling, the BIA stated that, after weighing the "significant positive factors" against the "serious nature of [Villalobos's] crime, the age of the victim, and the age differential between [Villalobos] and his victim," it could not "conclude that it is in the best interest of the United States to grant [Villalobos] the privilege of lawful permanent residence."

In petitioning for review in this court, Villalobos raises a number of objections relating to the BIA's application of the heightened standard of

3

§ 1212.7(d). We need not decide whether these objections are meritorious or whether we have jurisdiction to address them. As set forth above, the BIA also relied on the alternative holding that, even if § 1212.7(d) did not apply to Villalobos's case, the BIA would still decline to grant a waiver under § 212(h) under "ordinary discretionary standards." Section 242 of the INA expressly denies us jurisdiction to review such a discretionary denial of a waiver of inadmissibility under § 212(h), *see* 8 U.S.C. § 1252(a)(2)(B)(i), and absent some exception to that jurisdictional bar, our resulting inability to set aside that stand-alone ground for the BIA's denial of relief would require dismissal of the petition. Villalobos contends that there is such an exception here, because § 242(a)(2)(D) preserves our jurisdiction to review "constitutional claims or questions of law" concerning denials of discretionary relief. *Id*. § 1252(a)(2)(D). However, we have jurisdiction under this exception "only if the constitutional [or legal] claim is 'colorable', *i.e.*, if it has 'some possible validity.'" *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012) (citation omitted). We conclude that Villalobos has failed to raise such a colorable legal or constitutional challenge to the BIA's unfavorable ultimate exercise of discretion.

Villalobos contends that the BIA committed legal error by applying a per se approach to sex crimes that reflects a "categorical refusal to exercise discretion." We have found such a legal error when "the BIA failed to consider all of the

4

positive factors" in making a discretionary determination under a different provision of the INA, *see Xiao Fei Zheng v. Holder*, 644 F.3d 829, 832–33 (9th Cir. 2011), but we have also held that there is no such colorable legal error when the record confirms that the agency did consider the relevant competing factors, *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979–80 (9th Cir. 2009). Here, the BIA explicitly noted the "significant positive factors" set forth in the IJ's order and in Villalobos's brief, but it then went on to conclude that, in light of the countervailing considerations concerning his prior crime, Villalobos did not merit a favorable exercise of discretion. Because the record therefore does not support Villalobos's argument that the BIA failed to consider the positive factors of the case in exercising its discretion, we conclude that there is no colorable legal claim here that would give us jurisdiction to set aside the BIA's discretionary denial of relief. *Mendez-Castro*, 552 F.3d at 979–81.[2]

The petition for review is DISMISSED.

---

[2] Alternatively, to the extent that Villalobos's argument that the BIA overlooked relevant positive factors might be deemed "colorable," thereby giving us jurisdiction to decide it, we would then reject that legal claim on the merits. The BIA did not apply an impermissible per se rule in weighing the competing considerations.