**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OVIDIO ANTONIO MONTES, | No. 19-70174 |
| Petitioner, | Agency No. A094-312-948 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Ovidio Antonio Montes, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"), and denying

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his request to terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to terminate and we review de novo questions of law. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Montes failed to establish he suffered harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) ("[p]ersecution is an extreme concept, and . . . does not include every sort of treatment our society regards as offensive" (internal quotation and citation omitted)). Substantial evidence also supports the agency's determination that Montes did not establish a well-founded fear of future persecution. *See id*. at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Montes's asylum claim fails.

In this case, because Montes failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Montes failed to show it is more likely than not he will be tortured by or with the

consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holde*r, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

The BIA did not abuse its discretion in denying Montes's request to terminate proceedings, where Montes's contention that the immigration judge lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from a notice to appear can be cured for jurisdictional purposes by later hearing notice).

As stated in the court's April 3, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-70174