**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WEIBO XIE,

                    Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No.    20-70812

Agency No. A206-334-905

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Weibo Xie, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review factual findings for substantial evidence.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the determination that Xie failed to establish he suffered harm that rises to the level of persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution).  Substantial evidence also supports the determination that Xie did not establish a well-founded fear of future persecution.  *See id.* at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution").  Thus, Xie's asylum claim fails.

In this case, because Xie failed to establish eligibility for asylum, he also failed to establish eligibility for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's denial of CAT relief because Xie failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DENIED.**