NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO SALOMON REYES-MEJIA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 18-70925<br><br>Agency No. A092-085-180<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,[***] District Judge.

Armando Salomon Reyes-Mejia, a native and citizen of El Salvador,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

dismissing his appeal from the immigration judge's ("IJ") denial of his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Substantial evidence supports the agency's conclusion that Reyes-Mejia failed to establish a nexus between any past or feared future harm and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). Apart from Reyes-Mejia's speculations, the record is devoid of evidence to suggest he was targeted or will be targeted on account of his political beliefs or his status as a deportee. Even assuming Reyes-Mejia was targeted due to his gang tattoos, we have declined to recognize gang membership or former gang membership as a protected ground. *See Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (holding that "'[t]attooed gang member' falls outside the Ninth Circuit's definition of social group"). Because substantial evidence supports the agency's nexus determinations, the agency permissibly concluded that Reyes-Mejia failed to establish his eligibility for withholding of removal.

The agency also permissibly denied Reyes-Mejia's application for CAT relief because the record does not compel the conclusion that it is more likely than

not that he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

Because substantial evidence supports the agency's conclusion that Reyes-Mejia failed to establish his eligibility for withholding of removal or relief under CAT, we need not address the agency's alternative holding that his claims are barred due to his 1996 conviction for a particularly serious crime.

After reviewing the record, we conclude Reyes-Mejia has failed to carry his burden of showing "that the IJ had a deep-seated favoritism or antagonism that would make fair judgment impossible." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007).

**PETITION DENIED.**