NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA JAZMIN CADENAS ESPINOZA; CRISTAL VIANEY BELLO CADENAS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  17-71534 <br><br> Agency Nos.  A208-117-705 <br> A208-117-706 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022**
Seattle, Washington

Before:  HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Maria Jazmin Cadenas Espinoza ("Cadenas") and her daughter Cristal

Vianey Bello Cadenas (together "Petitioners"), natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") decision

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal of the Immigration Judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.     Substantial evidence supports the BIA's determination that Petitioners cannot demonstrate a well-founded fear of persecution in Mexico on account of family ties. Petitioners' persecution claim is based entirely on a fear that they will be targeted by gang members who have previously targeted Cadenas's sister-in-law and mother, and who have previously made threats against Cadenas's family. But the incidents involving Cadenas's sister-in-law and mother occurred nearly seven years ago and were separate and unrelated. There is no evidence in the record indicating that Petitioners have ever been personally targeted or threatened by gangs, or that they have been sought out by gangs after their departure from Mexico. Further, based on the evidence in the record before the BIA, Cadenas's sister-in-law, mother, and other family members continue to reside in Mexico without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident . . . ."), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). The BIA's conclusion was therefore supported by substantial evidence. *See Duran-Rodriguez v. Barr*, 918

2

F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.").

2.      Because Petitioners did not meet the lower burden of proof applicable to asylum, they necessarily did not meet the higher bar for establishing eligibility for withholding of removal.  *See* 8 C.F.R. § 1208.16(b); *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021).

3.      Substantial evidence supports the BIA's determination that Petitioners failed to demonstrate that it is more likely than not they will be tortured if removed to Mexico.  There is no evidence that petitioners suffered any past torture in Mexico, and there is no evidence anyone is currently interested in Petitioners' whereabouts or has any desire to harm them in the future.  Further, there is evidence in the record that Petitioners could relocate within Mexico to avoid any harm.  *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015).  Therefore, "the claims of possible torture remain speculative."  *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**