**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSE MARIO NOLASCO HERNANDEZ, | No. 22-1925 |
| Petitioner, | Agency No. A090-169-780 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023**
Pasadena, California

Before: RAWLINSON, HURWITZ, and OWENS, Circuit Judges.

   Jose Mario Nolasco Hernandez (Nolasco Hernandez), a native and citizen of

El Salvador, petitions for review of a decision of the Board of Immigration

Appeals (BIA) affirming, without opinion, an order of an Immigration Judge (IJ)

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his application for a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act.[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny Nolasco Hernandez's petition for review.

In general, "[d]iscretionary decisions, including whether or not to grant § 212(c) relief, are not reviewable."  *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (citation omitted).  However, we "have jurisdiction to review whether the IJ considered relevant evidence in making [his] decision."  *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019), *as amended* (citation omitted).  We review whether the IJ considered "all favorable and unfavorable factors bearing on [Nolasco Hernandez's] application for § 212(c) relief" for an abuse of discretion. *Id.* (citation omitted).

The IJ applied the correct legal standard and sufficiently considered the relevant factors in denying Nolasco Hernandez's application for a waiver of inadmissibility.  *See Vargas-Hernandez*, 497 F.3d at 923-24 (explaining that "[w]here [a noncitizen] has committed a particularly grave criminal offense, he may be required to make a heightened showing that his case presents unusual or outstanding equities") (citation omitted).  The IJ recognized that Nolasco Hernandez "possess[ed] positive equities, including:  his nearly forty-year-

---

[1] "Where, as here, the BIA affirms the IJ's decision without opinion, we review the decision of the IJ as if it were that of the BIA. . . ."  *Cardenas-Delgado v. Holder*, 720 F.3d 1111, 1114 (9th Cir. 2013) (citation omitted).

22-1925

residence in the United States; his five U.S.-citizen siblings, all of whom reside in the United States; his work history as a dishwasher for twenty years; and his lack of criminal history for approximately thirty years," and "consider[ed] the emotional and financial hardship that [Nolasco Hernandez] and his siblings would face if he were removed to El Salvador." The IJ ultimately determined that, due to Nolasco Hernandez's conviction for assault with intent to commit rape of a minor and Nolasco Hernandez's failure "to demonstrate sufficient rehabilitation of [his] very disturbing criminal history," discretionary relief from removal was unwarranted.

Although Nolasco Hernandez maintains that the IJ did not consider certain positive factors in balancing the equities, the IJ explained that he "considered all of the testimonial and documentary evidence in adjudicating [Nolasco Hernandez's] applications for relief from removal regardless of whether it [was] specifically referred to in [his] decision." Nolasco Hernandez does not demonstrate that the IJ failed to consider any "significant factor[s]" supporting his application, *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 834 (9th Cir. 2011) (citation omitted), and we presume that the IJ "considered all relevant factors" in denying the waiver of inadmissibility. *Szonyi*, 942 F.3d at 897.[2]

---

[2] Nolasco Hernandez waived any challenge to the IJ's denial of protection under the Convention Against Torture because he did not "address [this] claim[ ] in his

**PETITION FOR REVIEW DENIED.**

---

opening brief." *Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021) (citation omitted).