NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEONARDO ROBLES MUNIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1397

Agency No. A096-529-478

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2023**
Pasadena, California

Before: BYBEE, FISHER, and LEE, Circuit Judges.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the Court of Appeals, 3rd Circuit, sitting by designation.

Leonardo Robles Muniz, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Robles Muniz entered the United States in December 1996. In March 2018, he testified before the IJ that he feared removal to Mexico because unidentified assailants extorted two of his uncles there in or around January 2018. The IJ denied Robles Muniz's application for asylum, withholding of removal, and CAT relief. The IJ concluded that Robles Muniz failed to establish that (1) a nexus exists between the harm he fears and a particular social group and (2) he would be tortured by anyone. The BIA affirmed the IJ's decision and cited the same rationales.

An applicant for asylum or withholding of removal must demonstrate a nexus between the harm he fears and a protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). "[H]arassment by criminals motivated by theft . . . bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Maceda Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021).

Here, the agency concluded that Robles Muniz failed to provide "any evidence" that his uncles were targeted "on account of their membership in their

family." Unidentified assailants extorted Robles Muniz's uncles one time in 2018, and Robles Muniz claims that he fears he would be harmed, too, if he lived near his uncles. But this constitutes a fear of general criminality. The agency thus did not err in concluding that Robles Muniz failed to establish a nexus between the harm he fears and a protected ground. *See Zetino*, 622 F.3d at 1016; *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (reviewing nexus decisions for substantial evidence).

To establish entitlement to protection under CAT, an applicant "must show that it is 'more likely than not' that he or she will be tortured" if removed to the country of removal. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)). He must also show that "he would be subject to a 'particularized threat of torture,' and that such torture would be inflicted 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Id.* (emphasis and citations omitted).

Substantial evidence supports the agency's denial of Robles Muniz's CAT claim because he failed to establish that it is more likely than not that he would be tortured in Mexico and that the Mexican government would acquiesce in such conduct. Robles Muniz testified about a single instance in 2018 in which his uncles were extorted. But because evidence of generalized crime in Mexico is not particular

3

to Robles Muniz, nothing about this testimony or the country conditions reports compels a finding that he faces a particularized risk of future torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022) (holding that substantial evidence supported the agency's denial of CAT relief because petitioner "offered no evidence to show that he faces any particularized risk of torture (or kidnapping or extortion) higher than that faced by all Mexican citizens."). And Robles Muniz is only able to speculate that the assailants may target him if he lived near his uncles, which does not compel the conclusion that he will be tortured. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (rejecting torture claim where "claims of possible torture remain speculative").

**PETITION DENIED.**