NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIDEL ANTONIO SANCHEZ OCHOA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4084<br><br>Agency No.<br>A060-217-979<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Fidel Antonio Sanchez Ochoa, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

The agency did not abuse its discretion in determining that Sanchez Ochoa's convictions under California Penal Code §§ 245(a)(4) and 287(d)(1) were particularly serious crimes that barred him from asylum and withholding of removal, where the agency considered the correct factors. *See Avendano-Hernandez*, 800 F.3d at 1077 (review limited to ensuring agency relied on the appropriate factors and proper evidence); *Anaya-Ortiz v. Holder*, 594 F3d 673, 678 (9th Cir. 2010) ("[A]ll reliable information may be considered in making a particularly serious crime determination . . . ." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's denial of CAT protection because Sanchez Ochoa failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

We reject as unsupported by the record Sanchez Ochoa's vague contention

that he was discriminated against or otherwise not provided a full and fair hearing.

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**